UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

TAMMY ANDERSON                                                                    Plaintiff

v.                                                            Civil Action No. 3:23-cv-209-RGJ

DWAYNE CLARK, *et al.*                                                         Defendants

* * * * *

**MEMORANDUM OPINION AND ORDER**

This case comes before the court on four motions.  Defendant Wellpath, LLC ("Wellpath")

moves to dismiss all claims against it.  [DE 39]. Plaintiff Tammy Anderson ("Plaintiff") responded,

[DE 44], and Wellpath replied [DE 45].  Dwayne Clark, Steve Durham, Eric Troutman, and Martin

Baker (collectively, "Individual Defendants") (collectively with Wellpath, "Defendants") move

for judgment on the pleadings [DE 41]. Plaintiff responded, [DE 47], and Individual Defendants

replied. [DE 50]. Plaintiff also moves for leave to file a second amended complaint. [DE 48].  The

Individual Defendants responded, [DE 51], and Wellpath moved to hold Anderson's motion to

amend in abeyance pending resolution of the motion to dismiss. [DE 49]. Briefing is complete and

the matters are ripe. For the reasons below, Wellpath's motion to hold Anderson's motion in

abeyance [DE 49] is **DENIED**; Individual Defendants' motion for judgment on the pleadings [DE

41] is **DENIED AS MOOT**; and Plaintiff's motion for leave to amend [DE 48] is **GRANTED**.

The Court further **ORDERS** the Wellpath Liquidating Trust to provide notice to the Court of its

intent to adopt or withdraw Wellpath's motion to dismiss [DE 39] within 10 days.

**I.      BACKGROUND**

This case arises from the death of Anderson's son, Moman Anderson, Jr. ("Decedent"),

who died of a drug overdose in Louisville Metro Department of Corrections ("LMDC") custody,

1

on or about March 12, 2022. [DE 25 at 158]. Following his death, Plaintiff sued four individual defendants and one corporate defendant.[1] The Individual Defendants, Director Dwayne Clark, Assistant Director Steve Durham, Chief of Staff Eric Troutman, and Deputy Director Martin Baker were employees of LMDC at the time of Decedent's death. [DE 25 at 158–59]. The fifth defendant, Wellpath, was the contracted medical services provider at LMDC. [*Id.*]. The complaint alleges five counts against all defendants: negligence (Count I); negligence *per se* (Count II); wrongful death (Count III); "*Monell* violations: policies or customs of inadequate conditions of confinement & inadequate medical care in violation of the eighth and fourteenth amendment" (Count IV); and "*Monell* violations: failure to adequately train officers in violation of 42 U.S.C. § 1983" (Count V). [*Id.* at 169–79]. The Court previously denied Individual Defendants' motion to dismiss and allowed Plaintiff to amend her complaint to sue the Individual Defendants in their official capacities. [DE 24].

Defendants then moved to dismiss Plaintiff's claims under Fed. R. 12(b)(1) for lack of standing because she is not the administrator of Decedent's estate. [DE 39; DE 41]. Wellpath also moved to dismiss Counts II, IV, and V against it under Fed. R. Civ. P. 12(b)(6). [DE 39]. The Court then stayed the matter as to all Defendants pending resolution of Wellpath's bankruptcy matter. [DE 59]. In accordance with the stay, the Court administratively remanded Wellpath's motion to dismiss [DE 39] and motion to hold Anderson's motion to amend in abeyance [DE 49]. [DE 57]. The Court also administratively remanded the Individual Defendants' motion for judgment on the pleadings [DE 41] and Plaintiff's motion for leave to file a second amended complaint [DE 48]. [DE 59].

---

[1] The amended complaint identifies Plaintiff as "the Administratrix of the Estate of Moman Anderson, Jr." [DE 25 at 158]. As explained below, the actual administrator of the estate is Moman Anderson, Sr. [DE 39-3 at 259].

On July 22, 2025, the Court lifted the stay. [DE 67]. All remanded motions have now been reinstated and are ripe for adjudication. On February 27, 2026, the Court granted Wellpath's motion to dismiss all claims against it and substituted the Wellpath Liquidating Trust as the nominal defendant in Wellpath's place. [DE 71].

## II.    STANDARD

Federal Rule of Civil Procedure 12(b)(6) instructs that a court must dismiss a complaint if the complaint "fail[s] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). To properly state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2).  When considering a motion to dismiss, courts must presume all factual allegations in the complaint to be true and make all reasonable inferences in favor of the non-moving party. *Total Benefits Plan. Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citation omitted). "But the district court need not accept a bare assertion of legal conclusions." *Tackett v. M & G Polymers*, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009) (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "A complaint will be dismissed . . . if no law supports the claim made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an

3

insurmountable bar to relief." *Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014) (citing *Twombly*, 550 U.S. at 561–64).

Fed. R. Civ. P. 12(c) provides that "a party may move for judgment on the pleadings." A court is to apply the same standard to a motion for judgment on pleadings that it applies to a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Warrior Sports, Inc. v. Nat'l Collegiate Athletic Ass'n*, 623 F.3d 281, 284 (6th Cir. 2010) (citing *EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001)). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (quoting *Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)). A motion for judgment on the pleadings may be "granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Id.* (quoting *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991)).

## III.    DISCUSSION

A. <u>Individual Defendants' Motion for Judgment on the Pleadings [DE 41] and Plaintiff's Motion for Leave to File Second Amended Complaint [DE 48]</u>

The Individual Defendants argue that Plaintiff lacks standing because she is not the administratrix of the estate of Moman Anderson. [DE 41]. Plaintiff does not dispute that she lacks standing to raise the claims in the complaint. [DE 47, Pl.'s Resp. to Mot. for J. on the Pleadings, at 312]. However, she argues the Court should allow her to amend the complaint to "designate Moman Anderson, Sr. as the Plaintiff in his role as Administrator of the Estate of Moman Anderson, Jr." [*Id.* at 315]. Individual Defendants assert that the Court should not allow amendment due to inexcusable delay. [*Id.* at 343]. They also maintain that amendment would be

4

futile because the statute of limitations has run and the amendment would not relate back to the original filing. [*Id.* at 345–47].

"When there are pending before the court both a dispositive motion and a motion to amend the complaint, the court must first address the motion to amend complaint." *Gallaher & Assocs., Inc. v. Emerald TC, LLC*, No. 3:08-CV-459, 2010 WL 670078, at *1 (E.D. Tenn. Feb. 19, 2010) (citing *Ellison v. Ford Motor Co.*, 847 F.2d 297, 300 (6th Cir. 1988)). Accordingly, the Court first considers Plaintiff's motion to amend.

Under Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." *Id*. "The grant or denial of leave to amend is within the discretion of the trial court, and review is for abuse of discretion." *Sec. Ins. Co. of Hartford v. Kevin Tucker & Assocs., Inc.*, 64 F.3d 1001, 1008 (6th Cir. 1995) (citing *Roth Steel Prod. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983)). "In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005) (citing *Coe v. Bell*, 161 F.3d 320, 341–42 (6th Cir. 1998)). However, "it is well-settled that delay alone is not a sufficient reason for denying leave" to amend a complaint. *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986). Instead, such a "delay must have [also] resulted in prejudice to the party opposing the motion." *Id*.

After the statute of limitations for a claim has expired, a plaintiff may only amend her complaint if Rule 15(c) allows it. Rule 15(c)(1) provides that an amendment to a pleading relates back to the date of the original pleading when:

5

(A) the law that provides the applicable statute of limitations allows relation back;

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

    (i) received such notice of the action that it will not be prejudiced in defending on the merits; and

    (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(B)–(C). Plaintiff agrees that a one-year statute of limitations applies, and that she seeks to amend outside the statute of limitations. [DE 47 at 313–14]. This means the amendment must relate back to the original complaint.

### A.  Relation Back

Typically, in the Sixth Circuit, when "an amendment which adds a new party creates a new cause of action [] there is no relation back to the original filing for purposes of limitations." *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318 (6th Cir. 2010) (citation omitted). However, the Court has recognized that "various courts have extended the relation-back provisions of Rule 15(c)(1)(C) to amendments changing identities of plaintiffs . . . limited to corrections of misnomers or descriptions." *Id*. at 318–19. Extending Rule 15(c)(1) to changes in plaintiffs is consistent with the Advisory Committee Note to the 1966 amendment to Rule 15(c), which states that:

The relation back of amendments changing plaintiffs is not expressly treated in revised Rule 15(c) since the problem is generally easier. Again the chief consideration of policy is that of the statute of limitations, and the attitude taken in revised Rule 15(c) toward change of defendants extends by analogy to amendments changing plaintiffs. Also relevant is the amendment of Rule 17(a) (real party in

6

interest). To avoid forfeitures of just claims, revised Rule 17(a) would provide that no action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed for correction of the defect in the manner there stated.

Fed. R. Civ. P. 15 advisory committee's note.

In *Asher*, the Sixth Circuit did not allow plaintiffs to add thirty-three new plaintiffs to the complaint because Rule 15(c) did not expressly provide for such amendments to relate back to the original filing and plaintiffs were merely trying to "circumvent the statute of limitations." 596 F.3d at 313–16. However, the *Asher* Court also cited to *Young v. Lepone*, where the First Circuit held that an amendment to a complaint could relate back when the original plaintiffs substituted new plaintiffs who shared a "sufficient identity of interest" because "[t]he substitution of such parties after the applicable statute of limitations may have run is not significant when the change is merely formal and in no way alters the known facts and issues on which the action is based." 305 F.3d 1, 14, 15 (1st Cir. 2002). Accordingly, several courts have "read *Asher* as allowing an amendment to relate back when the name of the plaintiff is changed, but a new party is not truly added." *Smith v. Jones*, No. 1:13 CV 744, 2014 WL 12591694, at *4 (N.D. Ohio Sept. 24, 2014) (collecting cases).

In *Smith*, in response to a motion to dismiss for lack of standing, the plaintiff sought to amend her complaint to substitute the executrix of the decedent's estate. 2014 WL 12591694, at *2. The court reasoned that although "Plaintiff did not have standing to initiate a lawsuit, the real party in interest is the decedent's estate. Plaintiff intended to bring these claims on behalf of the estate and now attempts to maintain the lawsuit in the name of the correct administrator." *Id.* at *5. Thus, the court held "substitution has no effect on the substantive causes of action, the facts asserted, or the issues raised" in the original complaint. *Id.* (citing *Est. of Mikinah Smith v. Hamilton Cnty. Dep't of Job and Fam. Servs.*, No. 1:06CV362, 2007 WL 2572184 (S.D. Ohio Aug. 31, 2007) (holding Rule 15(c) and 17(a), when read together, allowed for relation back of an

amended complaint seeking to substitute the proper estate administer for decedent's mother, when the original action was brought within the statute of limitations)). Further, the defendant was not prejudiced by the amendment because they had received notice of the claims before the statute of limitations expired when plaintiff "mistakenly believed that she was a provisional administrator." *Id*.

Individual Defendants principally rely on *Everley* to argue that Plaintiff should not be permitted to amend her complaint. *See Everley v. Wright*, 872 S.W.2d 95 (Ky. App. 1993). However, the case is distinguishable on multiple grounds. First, as a state court case, it does not apply the Federal Rules of Civil Procedure. When considering § 1983 claims, courts look to the federal rules for the relation back procedure. *See DeLong v. Arms*, 251 F.R.D. 253, 256 (E.D. Ky. 2008) ("While the relevant state law, here Kentucky, provides the statute of limitations for both the § 1983 claims . . . and the pendent state law claims . . . Fed. R. Civ. P. 15(c) provides the procedure for relation back."); *see also Asher*, 596 F.3d at 317 (applying the Federal Rules of Civil Procedure when determining whether the new plaintiffs' claims were barred by Kentucky's one-year statute of limitations period for personal injury actions). Second, *Everley* is factually dissimilar from the present case. 872 S.W.2d 95. There, the lower court had granted a motion for directed verdict after plaintiff failed to prove she was appointed representative of the decedent's estate at trial. *Id.* at 96. Further, the plaintiff never properly moved to amend her complaint to name the correct administrator. *Id*. at 98. In contrast, this case has yet to begin the discovery stage and Plaintiff has properly moved for leave to amend her complaint. [*See* DE 54, Order granting Mot. to Stay Discovery].

This case is more closely analogous to *Smith*.  Plaintiff brought this action on behalf of her son's estate under the mistaken belief that she was the administratrix.  [DE 47 at 312].[2]  She now seeks to substitute the correct administrator. As in *Smith*, the change in plaintiff "has no effect on the substantive causes of action, the facts asserted, or the issues raised" in the original complaint. 2014 WL 12591694, at *5. This is because the "real party in interest"—the decedent's estate—remains the same. *Id*. Thus, under Rule 15(c), Plaintiff's amended complaint should relate back to the original filing date.

### B.      Delay

Notwithstanding the statute of limitations issue, Individual Defendants argue that Plaintiff's delay in naming the correct executor should bar her from amending the complaint at this stage in the litigation.  [DE 41 at 273–74; DE 51 at 343].  "It is well-settled that delay alone is not a sufficient reason for denying leave" to amend a complaint.  *Moore*, 790 F.2d at 562.  Instead, Defendants must show they will be prejudiced by the delay, which they have failed to do here.

Defendants received notice of the claims before the statute of limitations expired. [DE 41 at 273].  Upon learning of the defect in her complaint, Plaintiff moved to amend within one month. [*See* DE 39; DE 48].  This short delay and Plaintiff's demonstrated good faith distinguishes the case from those cited by Defendant. *See Glazer v. Chase Home Fin. LLC*, 704 F.3d 453 (6th Cir. 2013), *overruled on other grounds by Obduskey v. McCarthy & Holthus LLP*, 586 U.S. 466 (2019) (affirming denial of motion for leave to amend where plaintiff's four-month delay in seeking an amendment could only be explained by a wait-and-see approach to the magistrate's ruling on a motion to dismiss); *Hiller v. HSBC Fin. Corp.*, 589 F. App'x 320, 321 (6th Cir. 2015) (affirming

---

[2] This is disputed. Defendants cite outside the record to show that this belief was not reasonable. Even if Plaintiff's belief was not reasonable, Defendants have not shown that Plaintiff is attempting to "circumvent the statute of limitations." Making all reasonable inferences in favor of Plaintiff at this stage, the Court does not consider the reasonableness of Plaintiff's belief to be dispositive.

district court's denial of Plaintiff's motion for leave to amend based on delay, bad faith, and prejudice). Finally, the interests of justice and the permissive nature of Rule 15 support amendment. Thus, Plaintiff's motion for leave to amend [DE 48] is **GRANTED**.

Given that the Court grants Plaintiff's motion for leave to file a second amended complaint, the first amended complaint is no longer the operative complaint. *See Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 306 (6th Cir. 2000). Accordingly, the motion for judgment on the pleadings [DE 41], which was based on the first amended complaint and which moved for dismissal based only on the standing issue, is moot. *See Kentucky Press Ass'n, Inc. v. Kentucky*, 355 F. Supp. 2d 853, 857 (E.D. Ky. 2005) (citing *Parry*, 236 F.3d at 306); *Taylor v. Fam. Health Centers, Inc.*, No. 3:25-CV-583-RGJ, 2026 WL 84415, at *5 (W.D. Ky. Jan. 12, 2026). As a result, the Court will **DENY AS MOOT** the Individual Defendants' motion for judgment on the pleadings. [DE 41].

B.  Wellpath's Motion to Dismiss [DE 39] and Motion to Hold in Abeyance [DE 49]

On February 27, 2026, the Court granted Wellpath's motion to dismiss all claims against it based on the discharge of claims pursuant to a plan of reorganization confirmed by the United States Bankruptcy Court for the Southern District of Texas. [DE 71; DE 69]. Accordingly, Wellpath was terminated as a defendant, and the Wellpath Liquidating Trust (the "Trust") was substituted as a nominal defendant. [DE 69]. Prior to that substitution, Wellpath had moved to dismiss Plaintiff's claims against it on the merits. [DE 39]. Separately, Wellpath moved to hold in abeyance Plaintiff's motion for leave to file a second amended complaint pending resolution of Wellpath's motion to dismiss. [DE 49]. Because the Trust has been substituted as a defendant, the Court will address both Wellpath motions.

First, Wellpath's motion to hold in abeyance asks the Court to delay ruling on Plaintiff's motion to amend until the Court has ruled on the motion to dismiss. [DE 49 at 326]. As explained, the Court was required to address Plaintiff's motion to amend the complaint *before* addressing any dispositive motions. *See Gallaher & Assocs., Inc.*, 2010 WL 670078, at *1 (E.D. Tenn. Feb. 19, 2010) (citing *Ellison v. Ford Motor Co.*, 847 F.2d 297, 300 (6th Cir. 1988)). Because considering a dispositive motion ahead of a pending motion to amend would be an abuse of its discretion, the Court **DENIES** Wellpath's request to hold the motion to amend in abeyance [DE 49].  *See Ellison*, 847 F.2d at 300.

Next, Wellpath seeks to dismiss Counts II, IV, and V of Plaintiff's first amended complaint. [DE 39-1]. The filing of an amended complaint generally moots a pending motion to dismiss. *Yates v. Applied Performance Techs., Inc.*, 205 F.R.D. 497, 499 (S.D. Ohio 2002). However, "when the amended complaint is substantially identical to the original complaint," it may not moot a motion to dismiss. *Greater Cincinnati Coal. for Homeless v. City of Cincinnati*, No. C-1-08-603, 2009 WL 3029661, at *4 (S.D. Ohio Sept. 16, 2009). For example, "when a motion to amend only addresses a discrete issue, it may not moot the underlying motion to dismiss." *Id.* Here, Plaintiff asserts that "[t]he sole purpose of this Second Amended Complaint is to substitute Moman Anderson, Sr. as Plaintiff, as the Administrator of the Estate of Moman Anderson, Jr." [DE 48 at 318]. Because Plaintiff's second amended complaint does not change the substance of the claims, it does not moot Wellpath's motion. However, because of the purpose of the dismissal of Wellpath and substitution of the Trustee as a nominal party was impliedly for purposes of preserving the individual defendants' ability to seek apportionment at trial against Wellpath, the Court seeks guidance from the Trustee as to whether or not these arguments are adopted by the Trustee as a nominal defendant.

11

## IV.    CONCLUSION

For the reasons above, the Court **ORDERS** as follows:

(1)    The Wellpath Liquidating Trust is **ORDERED** to provide notice to the Court of its intent to adopt or withdraw Wellpath's motion to dismiss [DE 39] within **10 days after entry of this Order**;

(2)    Individual Defendants' motion for judgment on the pleadings [DE 41] is **DENIED AS MOOT**;

(3)    Wellpath's motion to hold Anderson's motion in abeyance [DE 49] is **DENIED**;

(4)    Plaintiff's motion for leave to amend [DE 48] is **GRANTED**.